388

Ramón Nieves Mercado, Guardian of Pilar Mercado, Plaintiff and Appellee, v. Succession of José Sergio Mangual-Falero, composed of his legitimate children Agustina, Rafaela, José Sergio, Ana María and Salvadora Mangual Aponte, and Eva, Eliseo and Rafael Angel Mangual Santana, Defendants and Appellants.

No. 3667. Argued February 5, 1926.—Decided April 30, 1926.

R. Martínez Nadal for the appellants. Carmelo Honoré for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

The defendants composing the succession of José Sergio Mangual appeal from a judgment of the District Court of San Juan wherein the findings were that José Sergio Mangual always, publicly and privately, showed (consideró) that the minor Pilar Mercado was his child; that he had called it as such in conversation and solicitously took care and looked after its education; that the proof in this regard was copious (abundantísima).

The appellants devote a great part of their efforts to show that the parents of Pilar Mercado did not live together in concubinage. We are inclined to agree with them and the court made no finding of concubinage.

 The complainant child was born in 1903. The law in force at that time governs her status. Section 189 of the Civil Code then in force said:

"A father is obliged to recognize his illegitimate child in the following cases:

"1. Where there be an authentic statement in writing made by him expressly recognizing its paternity.

"2. When publicly or privately he has shown that it is his child, or has called it as such in conversation, or looks after its education and maintenance.

"3. When the mother was known to have lived in concubinage with the father during the pregnancy or birth (*sic*) of the child, or when the child was born while his parents were engaged to be married, (*relaciones amorosas*)."

The finding of the court is couched almost exactly in the language of paragraph 2 of that section.

There was evidence tending to show that the father made gifts directly to the child, but rather infrequently as the appellants point out; that he sent occasional sums of money to her through other persons in the interest of her education; that he always called her his child when he met her and gave her his blessing, and according to one witness, other than the complainant child, on one occasion kissed her; that he said he was going to acknowledge her, or would like to, provided he could obtain the consent of his wife. There was strong evidence to show that Pilar was actually the natural child she claimed to be.

The widow of Sergio Mangual took the stand to say that at no time did her deceased husband mention Pilar as his natural child; that she would have been disposed to acknowledge the child if her husband had so requested; that at his request she had recognized three natural children, the offspring of her husband. This witness was supported by other testimony to the same effect and one witness said the mother of Pilar was also the mother of the other three children. There was other negative evidence as to the failure of the father to mention Pilar when he had a ready opportunity to do so. He was solicitous in his last days for the three children he had acknowledged, but not for Pilar.

Pilar was a graduate nurse and was self-supporting at or before the time of her supposed father's death and as he made some contribution to her education he may have directed his thoughts more particularly to the other children. It is

idle to speculate much as to the motives of the deceased. We have not here reviewed the whole testimony.

Under the present law the child must uninterruptedly enjoy the conditions as a natural child of the defendant father justified by acts of the same father or his family. In 1903 isolated acts of recognition and like matters if they were sufficiently accredited were enough to create a status. The evidence of these acts, if the witnesses of the complainant were to be believed, was strong and convincing. The court believed it and we find nothing in the record to show that the court was not justified in its finding.

The case of *Medina* v. *Heirs of Bird*, 30 P.R.R 151, principally turned on the proof of concubinage and the finding of the court below in all respects was against the child.

*Morales* v. *Heirs of Cerame,* 30 P.R.R. 784, was cited by the appellant. There also the finding was against the child, who was born while the Spanish Civil Code was still in force. The parallel provisions of that code was Civil Code 135 (2)— "When the child is in uninterrupted enjoyment of the status of a natural child of the defendant father, justified by direct acts of the said father."

To the effect that we do not ordinarily reverse in a case of this kind, whatever the finding of the court, are *Castro* v. *Quiñones,* 29 P.R.R. 693, and *Montalvo* v. *Montalvo,* 25 P.R.R. 800.

The judgment should be affirmed.